**Ronald DAVIDSON, Plaintiff–Appellant,**

v.

**Charles J. SCULLY, Superintendent, and Edward Bollinger, Correction Officer, Defendants–Appellees.**

No. 1236, Docket 96-2129.

United States Court of Appeals, Second Circuit.

Argued April 24, 1997.

Decided May 22, 1997.

---

Mark R. Kravitz, New Haven, CT (Nicole M. Hoffmeister, Wiggin & Dana, of counsel), for Plaintiff–Appellant.

Michael Kennedy, Assistant Attorney General, New York City (Dennis C. Vacco, Attorney General of the State of New York, Thomas D. Hughes, Assistant Solicitor General, of counsel), for Defendants–Appellees.

Before OAKES and JACOBS, Circuit Judges, and STEIN, District Judge.*

PER CURIAM:

Plaintiff Ronald Davidson appeals from a grant of summary judgment by the United States District Court for the Southern Dis-

trict of New York (Leisure, *J.*), dismissing his civil rights action brought under 42 U.S.C. § 1983.

Davidson filed his complaint in 1981 alleging that defendants, who are prison officials, deprived him of his constitutional rights by refusing to allow the sealed exit of four letters he attempted to mail in 1980. The district court dismissed Davidson's complaint for failure to state a claim, relying on our in banc decision in *Sostre v. McGinnis,* 442 F.2d 178 (2d Cir.1971). On appeal, we reversed that decision and remanded. *Davidson v. Scully,* 694 F.2d 50 (2d Cir.1982).

On remand, following prolonged delays that at one point caused this case to be administratively closed, the defendants moved for summary judgment on the basis of their qualified immunity from suit. The district court granted the motion, Davidson appealed, and we now affirm.

## BACKGROUND

Davidson was a prisoner at Green Haven Correctional Facility in 1980, when he attempted to mail four sealed letters addressed to the Army Board for Corrections of Military Records, the Commanding Officer of the United States Army Reserve Components Personnel Center, the Judge Advocate General at Fort Dix, and the American Civil Liberties Union. Prison authorities returned these letters to Davidson with the notation "do not seal." Plaintiff unsuccessfully attempted to mail the letters twice more, expressly notifying each of the defendants in writing that the prison was refusing to allow sealed exit of this mail.

The Department of Correctional Services ("DOCS") directives in effect at the time (as detailed in our first opinion in this case) permitted the sealed exit of two types of correspondence only: (1) correspondence defined under the directives as "privileged" and (2) correspondence to persons on a prisoner's DOCS approved correspondence list. To place an addressee on the approved correspondence list, a prisoner was required by

---

* The Honorable Sidney H. Stein of the United States District Court for the Southern District of New York, sitting by designation.

the directives to obtain the addressee's written consent. None of the four letters Davidson attempted to send came within the directives' definition of privileged mail; and none of the addressees appeared on Davidson's approved correspondence list. The prison therefore refused to allow the sealed exit of these letters.

Davidson filed a pro se complaint against the defendants in January 1981, claiming that their refusal to allow sealed exit of his prison mail violated his constitutional rights under 42 U.S.C. § 1983. On November 19, 1981, Judge Stewart dismissed the complaint for failure to state a claim on the authority of *Sostre v. McGinnis*, 442 F.2d 178 (2d Cir. 1971) (in banc).

On appeal, this Court reversed and remanded, characterizing reliance on *Sostre* as "misplaced" in the absence of any "justification for the restrictive practices challenged here." *Davidson v. Scully*, 694 F.2d 50, 54 (2d Cir.1982). We noted that "the prison regulations are irrational as applied to the correspondence here in question and [that] the authority of *Sostre* in respect to outgoing mail has been eroded." *Id.* at 50.

On remand, Judge Leisure granted defendants' motion for summary judgment on the basis of their qualified immunity from suit. *See Davidson v. Scully*, No. 81 Civ. 617, 1996 WL 26569 (S.D.N.Y.). The court held that Davidson's right to send sealed mail to government agencies and the ACLU was not clearly established in 1980, when Davidson's letters were refused exit. *Id.* at *3. Davidson now appeals Judge Leisure's decision.

## DISCUSSION

■ Summary judgment is an appropriate device for disposing of claims barred by qualified immunity because the qualified immunity defense "is designed to relieve government officials of the burdens of litigation as well as of the threat of damages." *In re State Police Litig.*, 88 F.3d 111, 123 (2d Cir.1996). We review a district court's grant of summary judgment *de novo*. *Silano v. Sag Harbor Union Free School Dist. Bd. of Educ.*, 42 F.3d 719, 722 (2d Cir.1994), *cert. denied*, — U.S. —, 115 S.Ct. 2612, 132

L.Ed.2d 856 (1995). On appeal "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). This Court will reverse a grant of summary judgment if there is any evidence in the record from which a jury could draw a reasonable inference in favor of the non-moving party on a material fact. *See Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir.1988).

■ Under the law of qualified immunity, government officials may be sued only for violations of "clearly established" rules of federal law. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Even then, they enjoy immunity unless it was "objectively legally unreasonable" for them to have believed their actions did not violate these rules. *Anderson v. Creighton*, 483 U.S. 635, 641, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). Summary judgment on the basis of qualified immunity is thus appropriate only if:

> the asserted rights were not clearly established, or if the evidence is such that, even when it is viewed in the light most favorable to the plaintiffs and with all permissible inferences drawn in their favor, no rational jury could fail to conclude that it was objectively reasonable for the defendants to believe that they were acting in a fashion that did not violate a clearly established right.

*In re State Police Litig.*, 88 F.3d at 123.

■ Davidson's claimed right to the sealed exit of his mail was not clearly established in 1980, when the alleged constitutional violation took place. We ruled in *Sostre v. McGinnis*, 442 F.2d 178 (2d Cir.1971) (in banc), "that prison officials may open and read all outgoing and incoming correspondence to and from prisoners." *Id.* at 201. When DOCS adopted its sealed mail policy in 1979, that policy was well within the parameters that had been set by *Sostre*.

True, by 1980, *Sostre*'s blanket declaration as to the power of prison officials to open and read prisoners' mail had been deeply eroded by decisions like *Procunier v. Martinez*, 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974), and *Wolfish v. Levi*, 573 F.2d 118 (2d Cir.1978). But none of these cases held that prisons violate the rights of prisoners by conditioning the exit of sealed mail on the consent of the addressee. And none of these rulings expressly limited, let alone overruled, *Sostre*. We did not expressly narrow the sweep of *Sostre* until we heard Davidson's own case in *1982*, at which time we took pains to demonstrate that *Sostre* was no longer an accurate statement of the law. *See* 694 F.2d at 54. It is no wonder that Judge Sweet noted that, as of *1981*, there was "no clear statement by the Court of Appeals" as to the bounds of a prisoner's entitlement to send sealed mail. *See Golden v. Coombe*, 508 F.Supp. 156, 160 (S.D.N.Y.1981). In short, an opinion of this Court—that had not been overruled—expressly authorized the defendants' conduct, and no opinion of the Supreme Court had established that they were barred from doing the specific acts they did. The defendants were not bound to explore emerging constitutional principles in order to preserve their qualified immunity.

For these reasons, and those set forth in Judge Leisure's cogent opinion, we agree that defendants enjoy qualified immunity because "the right to send sealed mail to government agencies and the ACLU was not clearly established in 1980, when plaintiff's letters were refused exit." *Davidson*, 1996 WL 26569 at *3.

We therefore affirm for substantially the reasons stated in the district court opinion.[1]

---

1. In connection with this appeal, Davidson has filed a motion for injunctive relief seeking to limit collection of fees required to be debited from his prison account by the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b)(2), (3). Davidson appears to be claiming that the PLRA permits prison officials to take no more than 20% of his monthly income. The motion is denied because it is unrelated to the merits of this appeal, and because Davidson's ability to litigate fully the merits of this appeal (with appointed counsel) has in no way been impaired by the debiting of his prison account.